FILED
AUG 12 2011
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Barbara M. Bush, )
)
      Plaintiff, )
)
v. ) Civil Action No.
)
)
U.S. Congress, ) 11 1461
)
)
      Defendant. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint, failing to establish plaintiff's legal standing to sue, will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("[T]he defect of standing is a defect in subject matter jurisdiction.").

Article III of the U.S. Constitution "limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.' " *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). The doctrine of standing serves to identify those " 'Cases' and 'Controversies' that are of the justiciable sort referred to in Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish the "irreducible constitutional minimum of standing," a plaintiff must allege (1) an "injury in fact," defined as "an invasion of a legally protected interest which is (a) concrete and particularized," and (b)

"actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be redressed by a favorable decision." *Id.* at 560–61 (internal quotation marks and citations omitted). In order for an injury to be "concrete and particularized," it must "affect the plaintiff in a personal and individual way." *Id.* at 560 n.1.

Plaintiff, a resident of Hyattsville, Maryland, challenges the constitutionality of 18 U.S.C. § 3552(b), which she claims "authorizes imprisonment in a federal prison for an 'initial' mental health evaluation under 18 U.S.C. § 4241, of a 'non-convicted U.S. citizen." Compl. at 1-2. Plaintiff suggests that she was imprisoned under the challenged statute from February 2007 to July 2007, *id.* at 1, but there is no indication from the complaint that she is currently affected by the statute. *See id.* at 2 (stating that "[t]he charge was dismissed on 6/3/11). Therefore, the Court will dismiss the complaint for lack of standing.

Date: ~~July~~ August 2, 2011

/s/ Henry H. Kennedy, Jr.
United States District Judge

2